BELL et al. v. KRUEGEL et al.

(Circuit Court of Appeals, Fifth Circuit. May 5, 1896.)

No. 450.

MORTGAGE—FAILURE OF CONSIDERATION.

One K. arranged, through M., for a loan of $5,000 from B. & Co., to be secured by mortgage on certain land, in the improvement of which the money was to be used. He delivered his note and mortgage, and received $1,900; the remaining $3,100, by agreement with M., being retained by the latter, to be paid out as the improvements were made. Before K. received any of it, M. failed and made an assignment. K. then filed his bill against B. & Co., M., and the latter's assignee, to set aside the mortgage. B. & Co. alleged that M. had no authority to loan their money on the terms alleged, and that they knew nothing of the agreement for the retention of the $3,100. *Held,* that whether or not B. & Co. ratified this agreement, as

K. had received $1,900, and no more, he was entitled to a decree allowing him a credit of $3,100 on his note and mortgage, such note and mortgage to be delivered to B. & Co., reserving to them the right to recover from M. the $3,100, either as held by them for B. & Co., or as misappropriated without their authority.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

On July 28, 1893, Herman Kruegel, appellee, instituted this suit in the district court of Dallas county, Tex., against C. S. Bell & Co., Murphy & Bolanz, and E. T. Loughborough, alleging that C. S. Bell & Co., who resided in Ohio, acting through Murphy & Bolanz as their agents, had prior to June 13, 1893, agreed to lend him $5,000 upon the security of certain real estate; that he had executed his note for said sum payable to C. S. Bell & Co., three years after date, with interest at 8 per cent. per annum, payable semiannually, and had also executed a mortgage or trust deed in which J. P. Murphy was named as trustee to secure said note; that these instruments had by him been delivered to Murphy & Bolanz on June 13, 1893, the day of their date; that the purpose of the loan was to improve the property on which the deed of trust rested; that he (Kruegel) received $1,900 of the money, and $3,100 thereof was retained by Murphy & Bolanz, to be paid out as the improvements were made; that on July 22, 1893, before the improvements were completed, Murphy & Bolanz, having appropriated to their own use the $3,100, had become insolvent, and made a general assignment to E. T. Loughborough; that said Loughborough or Murphy & Bolanz had possession of said instruments, and were about to send them to C. S. Bell & Co., in Ohio. He prayed for an injunction restraining the sending of the note to C. S. Bell & Co.; that the note, coupons, and trust deed be canceled; and that a receiver be appointed to hold them pending the suit. Kruegel alleged that he was "ready, willing, and anxious to repay to C. S. Bell & Co. the said sum of $1,900 received by him." C. S. Bell filed formal answer in the case on August 15, 1893, and, on same day, filed petition and bond for removal, which was granted on August 18, 1893. Transcript was filed in the circuit court, put on the equity docket, and an order to replead made. The appellee Kruegel then filed a bill of complaint at great length, but alleging substantially as in his original petition, and, in addition, claiming damages for breach of contract on the part of C. S. Bell & Co., in failing to furnish him the money contracted for, as follows: $400, paid Murphy & Bolanz, commission for securing the loan for him; $700, expended for labor and materials in making improvements on the lot; loss of rents, at rate of $130 per month, for each month since September 15, 1893, which he alleged the lot, if improved, would have yielded; and a balance of $918.60 out of the $1,900 received by him from C. S. Bell & Co., which he had on deposit with Murphy & Bolanz when they failed. The prayer was for the cancellation of the note, coupons, and deed of trust, for damages as above set out, and that the amount received by Kruegel be ascertained, and that they have a reasonable time to repay it, that the injunction be perpetuated, and for general relief. C. S. Bell & Co. answered under oath, setting up that they had the sum of $5,000 on deposit with Murphy & Bolanz, who were bankers, prior to June 13, 1893; that Kruegel employed Murphy & Bolanz to negotiate his note secured by deed of trust; that they had authorized Murphy & Bolanz to loan the $5,000 on improved real-estate security; that Murphy & Bolanz, acting as agent for both Kruegel and C. S. Bell and C. E. Bell (composing the firm of C. S. Bell & Co.), and Kruegel, arranged the loan; that Kruegel made the note and deed of trust, and delivered same to Murphy & Bolanz for C. S. Bell & Co., and the $5,000 was then placed to Kruegel's account with Murphy & Bolanz, and was charged against C. S. Bell & Co. on their account with Murphy & Bolanz; that C. S. Bell & Co. had no knowledge of any agreement between Kruegel and Murphy & Bolanz by which Murphy & Bolanz were to retain in their bank any of the money, and had not authorized Murphy & Bolanz to make such agreement; that the agreement between Kruegel and Murphy & Bolanz regarding the retention by them of $3,100 was secretly and fraudulently made by Kruegel and themselves for the benefit of Kruegel, as C. S. Bell & Co. would not have made the loan on such terms. They deny that they knew

Murphy & Bolanz were charging Kruegel the commissions of $400, or that they knew before July 25. 1893, that Murphy & Bolanz were insolvent, but, on the contrary, aver they believed them to be solvent and safe brokers, which was also the opinion prevailing at the time in Dallas, Tex. The bill was taken as confessed against J. P. Murphy and Chas. F. Bolanz, comprising the firm of Murphy & Bolanz, on October 1, 1894. Replication was filed October 1, 1894. A hearing was had on July 13, 1895, and a final decree was rendered in favor of appellee; directing the cancellation of the note and deed of trust in case Kruegel should pay $581.40, with 6 per cent. interest from June 13, 1893, at any time before June 13, 1896; directing, in event of such payment, that J. P. Murphy, trustee, reconvey the property to Kruegel; that, in case the sum adjudged should not be paid within the time limited, C. S. Bell & Co. should be at liberty to foreclose for the amount adjudged, with six per cent. interest; that until June 17, 1893, all parties be enjoined from indorsing, assigning, or negotiating the note and deed of trust; that after June 17, 1896, in the event payment of $581.40, with interest, had not been made, the appellants should be enjoined "from indorsing, assigning, or negotiating said note and deed of trust only to the extent of $4,418.60"; and that defendants and plaintiffs each pay one-half the costs. From this decree, C. S. and C. E. Bell appeal.

J. M. McCormick and Wendell Spence, for appellants.

M. M. Parks, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge (after stating the facts). The evidence in the case is not conflicting, and shows the facts to be substantially as set forth in the pleadings. The legal conclusion from the contract between Murphy & Bolanz and Kruegel is that Murphy & Bolanz held the $3,100 as a depositary for both Bell & Co. and Kruegel, with the understanding that, if Kruegel made the improvements upon the property mortgaged as he had agreed to do, then he was to receive the $3,100, and owe the full amount of the note; if he did not make the improvements, then the money was to be held for the security of Bell & Co., and to be applied to reduce the note pro tanto. The improvements that Kruegel agreed to make were not made, and probably because of the failure of Murphy & Bolanz, resulting in this: that, of the $5,000 loan, Kruegel only received the sum of $1,900. In the view we take of the case, it is not material to determine whether Bell & Co. knew of and ratified the arrangement. If they did know of it, and ratified it, then they can only recover from Kruegel the sum of $1,900, actually received by him. If they did not know of it, and the transaction in their behalf, on the part of Murphy & Bolanz, was unauthorized, then Murphy & Bolanz made an unauthorized appropriation of Bell & Co.'s money to the extent of $5,000; and as $1,900 of the sum went into Kruegel's hands, and is represented in the note and mortgage, a trust in favor of Bell & Co. resulted for that amount. There is no evidence showing Bell & Co. in any wise parties to, or bound by, the arrangement between Murphy & Bolanz and Kruegel by which part of the $1,900 was left on deposit with Murphy & Bolanz, to be drawn as Kruegel might go forward with the improvements. Kruegel admits judicially, and testifies in the case, that he received this $1,900; that it was placed to his credit on the books of Murphy & Bolanz, and drawn against by him as he saw fit, until the failure of

Murphy & Bolanz. Under these facts proved and judicially admitted, we are of opinion that Kruegel is liable for the sum of $1,900, with stipulated interest, and that equity will be done in the premises by allowing Kruegel a credit on the note at the date of execution of the sum of $3,100; reducing the coupons for interest pro rata; giving to Bell & Co. the possession of the note and coupons thus credited and reduced; and reserving to them the right to recover from Murphy & Bolanz the said sum of $3,100; and reserving to Kruegel the right to recover from Murphy & Bolanz such part of the $1,900 deposited with them as had not been drawn out at the time of the Murphy & Bolanz failure.

The following decree should be entered in the case: The court finding that the consideration of the note for $5,000, dated June 13, 1893, payable to the order of C. S. Bell & Co., at the office of Murphy & Bolanz, in Dallas, Tex., three years after the date thereof, has failed to the extent of $3,100, and that the said deed of trust is, in equity, a security or lien for the sum of $1,900 only, it is ordered, adjudged, and decreed that upon plaintiff Kruegel's paying to C. S. Bell & Co. the sum of $1,900, with 8 per cent. interest thereon from June 13, 1893, on or before the date of the maturity of said note, to wit, June 13, 1896, at the office of McCormick & Spence, in the city of Dallas, Tex., the defendants, C. S. Bell, C. E. Bell, J. P. Murphy, Charles F. Bolanz, and E. T. Loughborough do deliver up to the plaintiff Kruegel, to be canceled, the said note, coupons, and deed of trust, as fully paid and satisfied; and that the said J. P. Murphy do reconvey unto the said plaintiff Kruegel, within five days after such payment, the property covered by the said deed of trust, free and clear of all incumbrance thereon by reason of such deed; and, in case the plaintiff shall not pay unto the said C. S. Bell & Co. said sum of $1,900, with interest as aforesaid, within the time aforesaid, the said J. P. Murphy and Charles F. Bolanz shall within a delay of five days from the 13th of June, 1896, indorse a credit upon the said note, of date June 13, 1893, in the sum of $3,100, and shall indorse a credit on each one of the six coupons given for payment of interest on such note the sum of $124, and shall then deliver said note and coupons to said C. S. Bell & Co. It is further ordered, adjudged, and decreed that the injunction formerly granted in this case be continued so far as to enjoin and restrain the defendants from indorsing, assigning, or negotiating said notes, coupons, and deed of trust until after June 13, 1896, and if said plaintiff shall pay the said sum of $1,900, with interest, as aforesaid, unto the said C. S. Bell & Co., on or before that date as hereinbefore provided, the defendants are perpetually restrained from assigning, indorsing, or negotiating the same. But if said plaintiff Kruegel shall fail to pay said sum of $1,900, with interest, as aforesaid, on or before June 13, 1896, as herein provided, then the defendants C. S. Bell and C. E. Bell are restrained from indorsing, assigning, or negotiating said note and deed of trust, except the same is charged with the credit of $3,100, as herein provided; otherwise than as herein provided, the injunction referred to is dissolved. It is further ordered and adjudged that the plaintiff Kruegel and the defendants Bell & Co. each

pay one-half of the costs incurred in this cause. The decree appealed from is reversed, and the cause is remanded, with instructions to enter a decree in conformity with the views herein expressed.